

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00106-CR
_____

CRAIG ALLEN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 74,334-E; Honorable Douglas R. Woodburn, Presiding

April 24, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Craig Allen Rodriguez, was charged with evading arrest or detention with a vehicle, enhanced by two prior felonies.[1]  At trial, he entered an open plea of guilty before a jury.  In addition to a finding of guilty, the jury made an affirmative finding

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2017).  The two prior felonies elevated punishment to a term of not more than ninety-nine years or less than twenty-five years.  § 12.42(d) (West Supp. 2018).

concerning the use of a deadly weapon.[2]  A jury also assessed punishment at thirty years confinement.  In presenting this appeal,[3] counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[5]  By letter, this court granted Appellant an opportunity to

---

[2] TEX. PENAL CODE. ANN. § 1.07(a)(17)(B) (West Supp. 2018).

[3] In the same proceeding, Appellant also pleaded not guilty to the offense of unauthorized use of a vehicle and was convicted of that offense.  His appeal of that conviction was affirmed by this court this same date in appellate cause number 07-18-00107-CR.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

2

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

At the time of the offense, the complainant and her husband were separated and her husband was living in an apartment. The couple owned a Toyota vehicle, registered in the complainant's name, which was used mostly by her husband. Both parties spoke Karen, an Asian language; however, only the complainant spoke any English.

One night, the complainant went to her husband's apartment to check on him because he had been drinking outside his apartment. When she left, she noticed their vehicle parked in front of the apartment. At trial, with the assistance of a translator, the complainant's husband testified he was intoxicated when he returned to his apartment and possibly could have dropped his keys. The next morning, he realized the vehicle was missing and borrowed a phone to call his wife. He did not call the police to report the missing vehicle because of the language barrier.

The complainant then called the police and reported that their vehicle was missing. She gave a statement and assisted the investigating officer with the language barrier when he interviewed her husband. Two days later, she again called police to report she had seen her vehicle being driven by an unknown individual and she had followed it to a gas station.

Two officers were immediately dispatched to the gas station. The first officer to arrive activated the emergency lights of his patrol vehicle and attempted to stop the driver, later identified as Appellant. Appellant, however, fled in the vehicle. He drove through a

bar ditch onto the shoulder of the roadway heading in the wrong direction and collided head-on with a rental vehicle being driven by the complainant. He then exited the stolen vehicle and fled on foot. He was apprehended after the second officer commanded him to stop or risk being subdued with a Taser gun.

APPLICABLE LAW—EVADING ARREST, DEADLY-WEAPON FINDING

A person commits the offense of evading arrest or detention with a vehicle if he (1) intentionally (2) flees (3) from a person he knows is a peace officer (4) attempting lawfully to arrest or detain him, and (5) he uses a vehicle while in flight. TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2017). Although a motor vehicle is not a deadly weapon *per se*, it can be found to be one *if it is used in a manner* that is capable of causing death or serious bodily injury. *Couthren v. State,* No. PD-0560-18, 2019 Tex. Crim. App. LEXIS 402, at *5 (Tex. Crim. App. April 17, 2019); *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014) (citing *Drichas v. State*, 175 S.W.3d 795, 797-98 (Tex. Crim. App. 2005)). A deadly-weapon finding is justified if a rational jury could have concluded that the defendant's vehicle was used in a manner that posed an actual danger of death or serious bodily injury. *Couthren,* 2019 Tex. Crim. App. LEXIS 402, at *11; *Sierra v. State*, 280 S.W.3d 250, 256-57 (Tex. Crim. App. 2009).

ANALYSIS

By the *Anders* brief, counsel evaluates the record and then candidly concludes that based on Appellant's plea of guilty, reversible error is not presented.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S.

4

75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.